## UNITED STATES *v.* TAYLOR.

*(Circuit Court, S. D. Illinois.* July 7, 1880.)

1. INDICTMENT—CIVIL RIGHTS—ACT of MARCH 1, 1875, (18 ST. AT LARGE, 336.)—An indictment under the "Civil Rights Act" of March 1, 1875, (18 St. at Large, 336,) is insufficient, which does not allege the citizenship of the person injured by the violation of such statute.

*James A. Connelly,* Dist. Att'y, for the United States.
*Benj. S. Edwards,* for defendant.

DRUMMOND, C. J. This was an indictment against the defendant under what is called the "Civil Rights Act" of March 1, 1875, (18 St. at Large, 336.)

The facts alleged in the indictment are that the defendant was the captain of the steam-boat James Fiske, Junior, plying on the Ohio river, between Paducah and Cairo, for the public conveyance of passengers, and for furnishing meals at a public table in the cabin of the steam-boat to all first-class passengers; and that, while the boat was on a trip between those ports, and a certain person by the name of E. A. McArthur, being a colored person, was on board as a first-class passenger, he was denied by the defendant, on account of his color, a seat at the table where the passengers took their meals.

The indictment seems to be sufficient as to the allegations for the exclusion of the person of color from the table where other passengers had a right to sit and obtain their meals. It is put simply upon that ground, ("being a person of color,") and so far may, perhaps, be within the meaning of the civil rights statute. But the question is whether it is brought, by other necessary allegations, within the terms of the statute.

It is to be observed that this, in some of its aspects, is a severe statute in exercising control over the business of men. It is true that it must be something connected with what is called a public business or a public right on the part of the person who is deprived of some privilege by another; but still—take the case of steam-boats—they are common carriers of passengers and freight, but to a considerable extent the

owners of steam-boats have control over the men on board as passengers, and therefore this statute comes in and deprives them of the ordinary control which, but for it, they would have the right to exercise. The supreme court of the United States, however, has gone so far upon this subject, we do not feel inclined to question, as it is not necessary in this case, the validity of this act of congress, supported by the decisions in the *Warehouse* and other cases.

The first section of this statute declares that all persons within the jurisdiction of the United States (it will be observed that the word "persons" is used) shall be entitled to the full and equal enjoyment of the accommodations, advantages, facilities and privileges of any public conveyance on land or water, theaters, and other places of public amusement, subject only to the conditions and limitations established by law, and applicable alike to citizens of every race and color, regardless of any previous condition of servitude.

It will be observed that the statute drops the word "persons," which it has used in the first part of the section, and employs the word "citizens."

The second section declares that any *person* who shall violate the foregoing section by denying to any *citizen*, except for reasons by law applicable to *citizens* of every race and color, and regardless of any previous condition of servitude, the full enjoyment of the accommodations, advantages, facilities, and privileges in said section enumerated, shall forfeit and pay, etc., (declaring the penalty.)

Now, it would seem there was a change of words for a reason, and therefore we think we must construe the second section, which imposes the penalty, so as to apply it to the denial by any person of a right belonging to a citizen of the United States, and not to one who may be a foreigner and not naturalized. It reads: "Any person who shall violate the foregoing section by denying to ' citizens,' except for reasons applicable to ' citizens ' of every race and color, etc., this right."

But there is no allegation, in this indictment, of the citizenship of the person who is deprived of this right, E. A. McArthur. It is said, in fact, though of course that is outside

of the indictment, that this person to whom the right is alleged to have been denied was not a citizen, or there was a question whether he was or was not a citizen of the United States. It will be recollected that the fourteenth amendment to the constitution declares that all persons (using the word *persons*) born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States. So that, we think, as this is a penal statute, operating upon the business of the country, and exercising a control over the management of business by steam-boatmen, theater men, and men who exercise any employment which is *quasi* public in its character, we ought to construe it strictly, and we therefore hold that, as there is no allegation as to the citizenship of McArthur, the case does not come within the statute, and the indictment must be quashed.

There is another question made, which it is not necessary for us to decide in this case, and that is whether or not this court has jurisdiction in such a case. In consequence of the peculiar language of the first article of our state constitution, limiting the boundaries of the state of Illinois to the northwestern shore of the Ohio river, it is claimed, this being a steamboat between Paducah, a port in Kentucky, and Cairo, a port in Illinois, that it does not necessarily follow the offence alleged would be one committed within the jurisdiction of this district, because, if the limit of the district is the northwestern shore of the river Ohio, the steam-boat would not be within the jurisdiction of the court, although the indictment alleges the offence was committed within the jurisdiction. However, that is a question we do not feel inclined to decide in this case, as it is not necessary; but, for the reason given, the motion to quash the indictment will be sustained.